David T. Achord, *Pro Se*
Executive Suite
4025 Camino Del Rio S, Suite 100
San Diego, CA 92108
Phone: (619) 338-8230
Fax: (619) 338-8134
Email: info@sdinjurylaw.com

FILED
2016 JUL 11 AM 10:58
M. L. HATCHER, CLK
U.S. BANKRUPTCY COURT
W.D. OF WA AT SEATTLE
BY_____ DEP. CLK.

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE: ) | Chapter 11 |
| ) | |
| NORTHWEST TERRITORIAL MINT LLC, ) | |
| ) | |
| Debtor. ) | Case No. 16-11767-CMA |
| ) | |
| ) | |
| DAVID T. ACHORD, an individual, ) | |
| ) | |
| Plaintiff, ) | Adversary Proceeding No._____ |
| ) | |
| v. ) | |
| ) | |
| ) | |
| NORTHWEST TERRITORIAL MINT LLC, ) | |
| ) | |
| Defendant. ) | |

### COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY AND OBJECTING TO DEBTOR'S DISCHARGE PURSUANT TO SECTIONS 523 AND 1141 OF THE BANKRUPTCY CODE

Plaintiff-Creditor David T. Achord, as and for his Complaint against Defendant-Northwest Territorial Mint LLC (the "Debtor"), respectfully alleges:

### JURISDICTION

1. On April 1, 2016, the Debtor filed a voluntary petition (the "Petition") for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United

1

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

RECEIVED 2016 JUL 11 AM 10:58
M. L. HATCH[...]
U.S. BANKRUPTCY
W.D. OF WA AT SEATTLE
BY

| PLAINTIFFS<br><br>DAVID T. ACHORD | DEFENDANTS<br><br>NORTHWEST TERRITORIAL MINT LLC |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>PRO SE | ATTORNEYS (If Known)<br>THE TRACY LAW GROUP |
| PARTY (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY AND OBJECTING TO DEBTOR'S DISCHARGE PURSUANT TO SECTIONS 523 AND 1141 OF THE BANKRUPTCY CODE

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ TO BE DETERMINED BY COURT OR JURY |

**Other Relief Sought**

SPECIFIC PERFORMANCE, TREBLE DAMAGES, PUNITIVE DAMAGES, ATTORNEY FEES AND COSTS

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>NORTHWEST TERRITORIAL MINT LLC | BANKRUPTCY CASE NO.<br>16-11767-CMA | |
| DISTRICT IN WHICH CASE IS PENDING<br>WESTERN DISTRICT OF WASHINGTON | DIVISION OFFICE | NAME OF JUDGE<br>HON. CHRISTOPHER ALSTON |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>07/07/2016 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>DAVID T. ACHORD | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

States Bankruptcy Court for the Western District of Washington. Case Number: 16-11767-CMA.

2. The first date set for the meeting of creditors by the court is May 11, 2016.

3. As of the date of this Complaint the Debtor has not been granted a discharge.

4. This Complaint is timely because the date by which a Complaint objecting to the Debtor's discharge or to determine dischargeability of a debt expires on July 11, 2016.

5. This is an adversary proceeding in which the plaintiff-creditor is objecting to the Debtor's discharge under chapter 11 of the Bankruptcy Code and is seeking a determination as to the dischargeability of the debt owed by the Debtor to plaintiff under Bankruptcy Code § § 523(a)(2)(A), 523(a)(6).

6. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and Bankruptcy Code § § 523 and 1141.

7. This case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and 157(b)(2)(J).

## PARTIES

8. Plaintiff is an individual residing at 7337 San Miguel Road, Bonita, CA 91902.

9. Plaintiff is a creditor of the Debtor.

10. Defendant is the Debtor in the above-captioned case and at all relevant times has resided in Auburn, WA.

## BACKGROUND INFORMATION

11. The Debtor Northwest Territorial Mint LLC is a full service mint and a minted products retailer. It sells precious metals and produces medals and medallions.

12. On or about October 28, 2015, plaintiff ordered 200 1 oz. solid pure 999 fine

silver bars from the Debtor for $3,304. Plaintiff sent a check of $3,304 to the Debtor on the same day. The check was deposited by the Debtor on or about November 2, 2015. The Debtor promised via email that the items will be shipped between January 18 and January 22nd of 2016.

13. On or about October 29, 2015, plaintiff ordered 200 1 oz. solid pure 999 fine silver bars from the Debtor for $3,228. Plaintiff sent a check of $3,228 to the Debtor on the same day. The check was received and posted by the Debtor on or about November 2, 2015. The Debtor promised via email that the coins will be shipped between January 18 and January 22nd of 2016.

14. On or about November 1, 2015, plaintiff ordered 560 1oz. solid pure 999 fine silver bars from the Debtor for $4,312.40. Plaintiff sent a check of $4,312.40 to the Debtor on the same day. The check was received and posted by the Debtor on or about November 5, 2015. The Debtor promised via email that the coins will be shipped between January 18 and January 22nd of 2016.

15. On or about November 4, 2015, plaintiff ordered 60 5 oz. solid pure 999 fine silver bars and 30 10 oz. solid pure 999 fine silver bars from the Debtor for $9,390. Plaintiff sent a check of $9,390 to the Debtor on the same day. The check was received and posted by the Debtor on or about November 11, 2015. The Debtor promised via email that the coins will be shipped between January 25th and January 29th.

16. On or about November 6, 2015, plaintiff ordered 650 1 oz. solid pure 999 fine silver bars from the Debtor for $9,958. Plaintiff sent a check of $9,958 to the Debtor on the same day. The check was received and posted by the Debtor on or about November 11, 2015. The Debtor promised via email that the coins will be shipped between January 25th and January 29th of 2016.

17. For each transaction listed above, the Debtor also promised that if they are unable to ship the purchased items they will pay the plaintiff a full refund or the market gain, whichever is higher.

18. To date, the Debtor has failed to deliver any of the above orders to the plaintiff. Nor has the Debtor ever paid the plaintiff a full refund or the market gain.

19. From January 20, 2016 but before the Debtor filed for bankruptcy on April 1, 2016, plaintiff made numerous telephone calls to the Debtor to request the above orders be shipped and delivered. The Debtor rejected all of plaintiff's requests.

20. Plaintiff ordered a total of **2,210** ounces of silver bars. The total amount plaintiff has paid to the Debtor so far is $30,192.40. The Debtor has failed to fulfill any of the plaintiff's orders, despite repeated demands by the plaintiff.

## COUNT I -- NON-DISCHARGEABILITY OF DEFENDANT'S DEBT OWED TO PLAINTFF UNDER SECTION 523(a)(2)(A) OF THE BANKRUPTCY CODE

21. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 20 of this Complaint as if set forth at length herein.

22. Bankruptcy Code § 523(a)(2)(A) provides, in relevant part, that:

(a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt--

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by --

(A) false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or an insider's financial condition

. . . .

23. All of the debt owed to plaintiff is non-dischargeable as it is a debt for money,

4
Case 16-01167-CMA    Doc 1-1    Filed 07/11/16    Ent. 07/11/16 11:08:34    Pg. 6 of 9
ADVERSARY PROCEEDING-COMPLAINT OBJECTING TO DISCHARGE DEBTS

property, services, or an extension, renewal, or refinancing of credit, that was obtained by false pretenses, a false representation, or actual fraud within the meaning of Bankruptcy Code § 523(a)(2)(A).

24. With information and belief, the Debtor represented to the plaintiff that it would continue operating its business, fulfill plaintiff's orders, and deliver plaintiff's orders within the promised period of time.

25. Plaintiff relied on these representations and would never have submitted any purchase orders if not for these representations. Yet, these representations were fraudulent and made under false pretenses. Debtor never intended to continue operating it business or fulfill plaintiff's orders.

26. With information and belief, the Debtor knew or should have known that they were unable to fulfill plaintiff's orders when receiving plaintiff's orders. The Debtor further knew or should have known that they would file for bankruptcy four months later after the submission of plaintiff's orders.

27. Plaintiff actually and justifiably relied upon Debtor's representations, and sustained a substantial loss as a proximate result of his reliance.

28. The Debtor's fraud and use of falsely pretenses are the causes of the debt owed by Debtor to the plaintiff. The Debtor would not have incurred said debt if not for his fraud and false pretenses. This fraud and these false pretenses are indicated by the long course of conduct, communications, and representations, whereby Debtor induced the plaintiff to submit the purchase orders.

**COUNT II -- NON-DISCHARGEABILITY OF DEBTOR'S DEBT TO PLAINTIFF UNDER SECTION 523(a)(6) OF THE BANKRUPTCY CODE**

29. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 28 of this Complaint as if set forth at length herein.

5
ADVERSARY PROCEEDING-COMPLAINT OBJECTING TO DISCHARGE DEBTS
Case 16-01167-CMA    Doc 1-1    Filed 07/11/16    Ent. 07/11/16 11:08:34    Pg. 7 of 9

30. Bankruptcy Code § 523(a)(6) provides, in relevant part, that:

> (b) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> . . .
>
> (6) or willful and malicious injury by the debtor to another entity or to the property of another entity . . .

31. All the debt owed to plaintiff is non-dischargeable as it is a debt for willful and malicious injury caused by the Debtor within the meaning of Bankruptcy Code §523(a)(6).

32. The debts owed by Debtor to Plaintiff described herein were the result of willful and malicious injury. A reasonable person would know with substantial certainty that receiving purchase orders from Plaintiff that were not to be fulfilled due to filing for bankruptcy would result in a loss of money to the Plaintiff, and the creation of a debt from the Debtor to the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

1. That this Court enter a Judgment determining that the debt against the Debtor as described herein, is non-dischargeable under Bankruptcy Code § § 523(a)(2)(A) and 523(a)6);

2. That this Court order the Debtor deliver 2,210 ounces of solid pure 999 fine silver bars as ordered by Plaintiff within a reasonable period of time determined by the court;

3. That this Court determine the amount of the current market value of the 2,210 ounces of solid pure 999 fine silver bars Plaintiff ordered and award Plaintiff such amount;

4. That this Court award plaintiff treble damages as required by law;

5. That this Court award plaintiff exemplary or punitive damages as the Court/jury may deem just and proper;

6. That Plaintiff have and recover from the Debtor his discretionary costs and attorney fees of this litigation;

7. That the costs of the clerk of court be taxed against Debtor; and

8. That Plaintiff be awarded such other, further, and general relief to which he is entitled and which the Court shall deem to be just and proper.

Dated: 07/07/16.

David T. Achord, *Pro Se*
Executive Suite
4025 Camino Del Rio S, Suite 100
San Diego, CA 92108
(619) 346-1201