Michael J. Gearin, WSBA # 20982
David C. Neu, WSBA # 33143
Brian T. Peterson, WSBA # 42088
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA  98104-1158
(206) 623-7580

Honorable Christopher M. Alston
Chapter 11
Hearing Location: Rm. 7206
Hearing Date: September 8, 2016
Hearing Time: 1:30 p.m.
Response Date: September 1, 2016

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>NORTHWEST TERRITORIAL MINT LLC,<br><br>                      Debtor. | Case No. 16-11767-CMA |
| DAVID T. ACHORD, an individual,<br><br>                      Plaintiff,<br><br>           v.<br><br>NORTHWEST TERRITORIAL MINT LLC<br><br>                      Defendant. | Adv. Proc. No. 16-01167-CMA<br><br>**TRUSTEE'S MOTION TO DISMISS COMPLAINT WITH PREJUDICE** |

## I.     INTRODUCTION

Defendant Mark Calvert, the Chapter 11 Trustee for Defendant Northwest Territorial Mint LLC (the "Trustee") respectfully requests, pursuant to Fed. R. Civ. P. 12(b)(6), that the Court dismiss with prejudice the Plaintiff's Complaint because it fails to state a claim upon which relief can be granted. Plaintiff's Complaint seeks a determination that an alleged debt owed by the Debtor

TRUSTEE'S MOTION TO DISMISS - 1

K:\2070561\00001\22732_BTP\22732P320G

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-01167-CMA    Doc 6    Filed 08/11/16    Ent. 08/11/16 16:30:19    Pg. 1 of 7

to Plaintiff is nondischargeable pursuant to 11 U.S.C. § 523(a)(2) and (a)(6). As a matter of law, section 523(a) of the Bankruptcy Code applies to individual debtors, and not corporate debtors such as Northwest Territorial Mint, LLC. Thus, even accepting all of the Plaintiff's allegations in his Complaint as true, Plaintiff fails to state a claim upon which relief can be granted. As set forth herein, Plaintiff's Complaint should be dismissed with prejudice.

## II. BACKGROUND

On April 1, 2016, Northwest Territorial Mint, LLC (the "Debtor" or "NWTM"), a Washington limited liability company, commenced this case by filing a chapter 11 petition. Dkt. No. 1. On April 11, 2016, the Court appointed Mark Calvert as chapter 11 trustee over the Debtor. Dkt. No. 51. On July 11, 2016, David T. Achord filed his Complaint for Determination of Dischargeability and Objecting to Debtor's Discharge Pursuant to Sections 523 and 1141 of the Bankruptcy Code (Ad. Pro. Dkt. No. 1) (the "Complaint").[1]

The Complaint alleges that the Plaintiff ordered 200 1 oz. silver bars from the Debtor on or about October 28, 2015, and that Plaintiff paid $3,304 for the precious metals by a check that was received and posted by the Debtor on or about November 2, 2015. Complaint, ¶ 12. According to the Plaintiff, he made four additional purchases of silver, by check, on the following dates: October 29, 2015, November 1, 2015, November 4, 2015, and November 6, 2015. Complaint, ¶¶ 13-16. The Plaintiff further alleges that the Debtor, on separate occasions, promised via email that the purchases of silver would be shipped between January 18, 2016 and January 29, 2016. *Id.* According to the Complaint, the Plaintiff has ordered a total of 2,210 ounces of silver from the Debtor and has paid a total of $30,192.40. Complaint, ¶ 20. Plaintiff states that Debtor has failed to fulfill any of Plaintiff's purchase orders, despite his repeated prepetition demands that the Debtor do so. *Id.*

---

[1] Although Mr. Achord is proceeding in this matter *pro se*, his email indicates that he works for a law firm specializing in personal injury complaints. The website for the State Bar of California indicates that Plaintiff's full name is David Thaddeus Achord, and that he is an active member of the California State Bar who was admitted to practice law in May of 1999.

TRUSTEE'S MOTION TO DISMISS - 2
K:\2070561\00001\22732_BTP\22732P320G

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

The Complaint contains two counts. In Count I of the Complaint, Plaintiff alleges that the alleged debt owed by the Debtor to Plaintiff is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). The Plaintiff alleges that the Debtor represented that, among other things, it would fulfill and deliver Plaintiff's orders, and that such representations were "fraudulent and made under false pretenses" because the Debtor "never intended to continue operating its business or fulfill plaintiff's orders." Complaint, ¶ ¶ 24-25. In Count II of the Complaint, the Plaintiff alleges that under 11 U.S.C. § 523(a)(6), the Debtor's alleged debt to Plaintiff is nondischargeable because it is the result of "willful and malicious injury." Complaint, ¶¶ 32-33.

In the Plaintiff's prayer for relief, the Plaintiff requests that the Court (1) enter a judgment determining that the Debtor's debt to Plaintiff is nondischargeable; (2) order that the Debtor deliver Plaintiff 2,210 ounces of 999 fine silver; (3) grant the Plaintiff the market value of 2,210 ounces of 999 fine silver; (4) award treble damages; (5) award exemplary or punitive damages; (6) award discretionary costs and attorney fees in Plaintiff's favor; (7) order that the costs of the clerk be taxed against the Debtor; and (8) award Plaintiff such other relief the Court deems just and proper.

The Plaintiff has filed a proof of claim, Claim No. 2362-1, in which he states that his claim is an unsecured claim for goods sold.

### III. ARGUMENT

The Plaintiff's Complaint, in order to survive a 12(b)(6) motion to dismiss, must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff must establish "the plausibility, as opposed to conceivability, of its causes of action in the complaint." *Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.*, 692 F.3d 283, 303 (3d Cir. 2012). The Complaint must contain "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Where there are "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to

TRUSTEE'S MOTION TO DISMISS - 3

K:\2070561\00001\22732_BTP\22732P320G

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-01167-CMA    Doc 6    Filed 08/11/16    Ent. 08/11/16 16:30:19    Pg. 3 of 7

relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Matters subject to the Court's judicial notice, including court records, may also be considered by the Court in deciding a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6). *In re Colonial Mortg. Bankers Corp.*, 324 F.3d at 16, 19; *see also United States v. Mercado*, 412 F.3d 243, 247 (1st Cir. 2005) (United States Court of Appeals for the First Circuit concluded that it could take judicial notice of relevant state court records in criminal proceeding).

**A. Plaintiff's Complaint for Nondischargeability Fails as a Matter of Law Because the Debtor is a Corporate Debtor and Not an Individual.**

The Plaintiff alleges causes of action under section 523(a) of the Bankruptcy Code, seeking a determination that the alleged debt owed by the Debtor to the Plaintiff is nondischargeable in bankruptcy. As a matter of law, section 523(a) of the Bankruptcy Code does not apply in this case because the Debtor is not an "individual." Section 523(a), by its own terms, provides that a discharge under section 1141 does not discharge an ***individual*** debtor for certain types of debts, including the types alleged by the Plaintiff.[2] Because this case involves a corporate debtor, as opposed to an individual debtor, section 523(a) does not apply. *See e.g.*, *In re Pacific-Atlantic Trading Co.*, 64 F.3d 1292, 1302 (9th Cir. 1995) (stating that "§ 523 only applies to individual and not corporate debtors"); *Yamaha Motor Corp. U.S.A. v. Shadco, Inc.*, 762 F.2d 668, 670 (8th Cir. 1985) ("Congress clearly did not intend the term 'corporate debtor' to be used interchangeably with the term 'individual debtor,' as such a construction would render meaningless employment by Congress of the term 'individual.'"); *In re Push & Pull Enterprises, Inc.*, 84 B.R. 546 (N.D. Ind. 1988) (granting debtor's motion to dismiss nondischargeability complaint on basis that provisions of 523 could not apply to the corporate debtor).

Were the Court to grant the relief requested in the Plaintiff's Complaint, it would interfere and be inconsistent with the terms of a chapter 11 plan the Trustee will file in this case and would

---

[2] 11 U.S.C. § 523(a) states that "[a] discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge ***an individual debtor*** from any debt--. . . ." (emphasis added).

TRUSTEE'S MOTION TO DISMISS - 4

K:\2070561\00001\22732_BTP\22732P320G

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-01167-CMA    Doc 6    Filed 08/11/16    Ent. 08/11/16 16:30:19    Pg. 4 of 7

elevate the Plaintiff's right of recovery over the many other creditors who hold claims similar to that of the Plaintiff. There are thousands of creditors in this case who have, just like the Plaintiff, ordered precious metals that the Debtor failed to deliver prior to the petition date. All such claims are unsecured claims subject to treatment under a plan. Plaintiff's claim will be administered by the Trustee in this case along with other similarly situated claims. There is no legal basis for Mr. Achord to receive preferential treatment with respect to his claim.

**B. Plaintiff's Action Should be Dismissed Without Leave to Amend.**

The Complaint should be dismissed with prejudice. Each cause of action in the Complaint, and all of Plaintiff's requests for relief, are premised on Plaintiff's legal theory that his claim is nondischargeable pursuant to 11 U.S.C. § 523(a). That statute, however, describes the circumstances under which debts of an *individual* debtor are nondischargeable. It does not apply to corporate debtors. Plaintiff cannot cure this deficiency by alleging additional facts in the Complaint. Thus, because Plaintiff cannot allege any facts that would entitle it to the relief requested, the Court should not grant Plaintiff further leave to amend, but should instead dismiss this action in its entirety. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (stating that dismissal with prejudice may be warranted where the "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency").

**C. The Plaintiff Has Failed to Effect Service of the Complaint.**

Out of an abundance of caution, the Trustee submits that should the Court, for any reason, not dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), the Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process. On July 13, 2016, the Clerk of the Court issued the summons in this matter (the "Summons"). *See* Dkt. No. 2. The Summons provides that it must be served within 7 days of its issuance, and that a certificate of service must be filed by the Plaintiff within 14 days after service has been effected. No proof of service has been filed by the Plaintiff, and the Trustee's records do not reflect that Northwest

TRUSTEE'S MOTION TO DISMISS - 5

K:\2070561\00001\22732_BTP\22732P320G

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-01167-CMA    Doc 6    Filed 08/11/16    Ent. 08/11/16 16:30:19    Pg. 5 of 7

Territorial Mint, LLC has been served with a copy of the Complaint and Summons pursuant to the requirements of Fed. R. Bankr. P. 7004.

## IV. CONCLUSION

The Trustee respectfully requests that this Court dismiss this matter against the Debtor with prejudice. The Trustee believes that the Complaint has no legitimate legal basis.[3] The Trustee therefore reserves the right to move for sanctions pursuant to Fed. R. Bankr. P. 7011 upon dismissal of the Plaintiff's claims.

DATED this 11th day of August, 2016.

K&L GATES LLP

By */s/ Michael J. Gearin*
   Michael J. Gearin, WSBA #20982
   David C. Neu, WSBA #33143
   Brian T. Peterson, WSBA #42088
Attorneys for Mark Calvert, Chapter 11 Trustee

---

[3] Prior to filing this Motion, Trustee's counsel provided written notice to Plaintiff of the lack of legal basis for his claims and requested that he withdraw his Complaint. Plaintiff has insisted on pursuing this litigation.

TRUSTEE'S MOTION TO DISMISS - 6

K:\2070561\00001\22732_BTP\22732P320G

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-01167-CMA    Doc 6    Filed 08/11/16    Ent. 08/11/16 16:30:19    Pg. 6 of 7

# CERTIFICATE OF SERVICE

The undersigned declares as follows:

That she is a paralegal in the law firm of K&L Gates LLP, and on August 11, 2016, she caused the foregoing document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing and on the Plaintiff as indicated below:

| | |
|---|---|
| David T. Achord<br>Executive Suite<br>4025 Camino Del Rio S, Suite 100<br>San Diego, CA 92108<br>Email: info@sdinjurylaw.com<br><br>*Plaintiff* | ☐ via facsimile<br>☐ via overnight courier<br>☒ via first-class U.S. mail<br>☐ via email<br>☐ via electronic court filing<br>☐ via hand delivery |

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

Executed on the 11th day of August, 2016 at Seattle, Washington.

*/s/ Denise A. Evans*
Denise A. Evans

TRUSTEE'S MOTION TO DISMISS - 7

K:\2070561\00001\22732_BTP\22732P320G

K&L GATES LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Case 16-01167-CMA    Doc 6    Filed 08/11/16    Ent. 08/11/16 16:30:19    Pg. 7 of 7